# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

RIVERS UNLIMITED )
515 Wyoming Avenue )
Cincinnati, OH 45215 )
)
LITTLE MIAMI, INC. )
6040 Price Road )
Milford, OH 45150 )
)
SIERRA CLUB )
85 Second Street )
San Francisco, CA 94104 )
)
and MARILYN WALL )
816 Van Nes Drive )
Cincinnati, OH 45246, )
)
      Plaintiffs, )
)
v. )    Case No.  1:06-CV-01775-JR
)
UNITED STATES DEPARTMENT OF )
TRANSPORTATION )
400 Seventh Street, S.W. )
Washington, D.C. 20590 )
)
MARIA CINO )
In her Official Capacity as Acting Secretary )
United States Department of Transportation )
400 Seventh Street, S.W. )
Washington, D.C. 20590 )
)
FEDERAL HIGHWAY ADMINISTRATION )
400 Seventh Street, S.W. )
Washington, D.C. 20590 )
)
J. RICHARD CAPKA )
In his Official Capacity as Administrator )
Federal Highway Administration )
400 Seventh Street, S.W. )
Washington, D.C. 20590, )
)
      Defendants, )
)

and                                                   )
                                                      )
OHIO DEPARTMENT OF TRANSPORTATION  )
1980 Broad Street                                     )
Columbus, OH 43223,                                   )
                                                      )
          Proposed                                    )
                 Defendant-Intervenor.                )
_____)

## MOTION FOR LEAVE TO INTERVENE BY PROPOSED DEFENDANT-INTERVENOR OHIO DEPARTMENT OF TRANSPORTATION

Pursuant to Rule 24 of the Federal Rules of Civil Procedure and LCvR 7(j) of the Local

Rules of the United States District Court for the District of Columbia, the Ohio Department of

Transportation ("ODOT") moves this Court for an order granting leave to intervene. Plaintiffs

have been contacted by the undersigned counsel and they do not oppose ODOT's participation as

an intervenor in this action. In addition, the federal Defendants have been contacted by the

undersigned counsel and they take no position on ODOT's participation as an intervenor. A

form of proposed Order is attached pursuant to LCvR 7(c). ODOT respectfully requests that it

be granted intervention as of right pursuant to Rule 24(a)(2), or in the alternative, permissive

intervention under Rule 24(b)(2), in order to assert the defenses set forth in the proposed Answer

attached hereto. Grounds for this motion are more particularly described in the accompanying

Memorandum of Points and Authorities.

(signature on following page)

Dated: November 17th, 2006

Respectfully submitted,

Frederick C. Schoch
Trial Attorney
Ohio Bar No. 0008215
Assistant Attorney General
Transportation Section
140 East Town St., 12th Floor
Columbus, Ohio  43215-6001
Phone:        (614) 466-4656
Fax:          (614) 466-1756
fschoch@ag.state.oh.us
Counsel for Gordon Proctor,
Director, Ohio Department of
Transportation

Fred R. Wagner
Special Counsel to Ohio Department of
Transportation
D.C. Bar No. 416009
Beveridge & Diamond, P.C.
1350 I Street, NW, Suite 700
Washington, D.C.  20005-3311
Phone:        (202) 789-6041
Fax:          (202) 789-6190
fwagner@bdlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RIVERS UNLIMITED, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No.  1:06-CV-01775-JR |
| | ) | |
| UNITED STATES DEPARTMENT OF TRANSPORTATION, *et al.*, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| OHIO DEPARTMENT OF TRANSPORTATION, | ) | |
| | ) | |
| Proposed | ) | |
| Defendant-Intervenor. | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR LEAVE TO INTERVENE BY PROPOSED DEFENDANT-
INTERVENOR OHIO DEPARTMENT OF TRANSPORTATION**

The Ohio Department of Transportation ("ODOT"), through its Director, Gordon Proctor,

and by its attorneys, and pursuant to Rule 24 of the Federal Rules of Civil Procedure and LCvR

7(j) of the Local Rules of the United States District Court for the District of Columbia,

respectfully submits this Memorandum in support of its Motion for Leave to Intervene.

**INTRODUCTION**

ODOT seeks leave to intervene as of right, or in the alternative, permissively.  ODOT is

the state department with direct authority over Ohio's transportation systems, including the

construction and maintenance of Ohio's interstate and state highway systems.  Accordingly,

ODOT has played an integral role in the development and implementation of the Eastern

Corridor Multi-Modal Project ("Eastern Corridor Project"), a comprehensive, multi-modal

transportation plan that will ultimately lead to implementation of a group of highway, transit, and local network improvements, including the bridge element at issue in Plaintiffs' Complaint, to address travel needs between Cincinnati and its eastern suburbs.[1]  Because the Eastern Corridor Project is supported by federal funds, its implementing agencies are required under the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321 et seq., to evaluate potential environmental impacts of the Project.  For this Project, the NEPA review is being conducted using an accepted two-tiered approach.

The Tier 1 work presented in the Final Environmental Impact Statement ("FEIS") is a broad, programmatic review of feasible alternatives for different multi-modal components, such as improved bus transit and new rail transit capacity, highway capacity, and bikeways.  The goal of Tier 1 work is not an either/or determination among modes or alternatives within a mode, but identification of how the various modal investments may be best implemented in consideration of engineering, environmental, financial, public input, land use, and community development factors.  As the FEIS explains in great detail, at the completion of the Tier I work no decision regarding a bridge over the Little Miami River has been made.  The FEIS has only identified potential corridors for further development of multi-modal transportation options.  The decision to build a bridge over the Little Miami River and the location of such bridge will not be made until the Tier 2 NEPA process is concluded.

---

[1] "The purpose of the Eastern Corridor project is to implement a multi-modal transportation program consistent with the adopted long range plan for the region, addressing priority needs and supporting transportation goals and concept plans established during the Eastern Corridor Major Investment Study (April 2000) and subsequent metropolitan area planning actions.  Overall, the proposed action will be developed and designed to: a) fit with identified future land use in the area, b) support and provide sustenance to the regional economy, and c) be consistent with regional environmental goals."  Tier I Final Environmental Impact Statement at 1-4, available at www.easterncorridor.org.

Tier 2 work involves detailed engineering and environmental analyses on a project-by-project basis for the range of feasible alternatives identified through the Tier 1 process and summarized in the Record of Decision ("ROD").  Tier 2 NEPA documents will build on the purpose, need, and other background information presented in the Tier 1 FEIS, but will reflect more detailed alignment development, environmental field assessment, impact evaluation, preferred alternative selection, and mitigation planning to complete the NEPA process for individual components of the Eastern Corridor Project.

In their Complaint filed with this Court on October 17, 2006, Plaintiffs challenge the preliminary assessment and evaluation of alternatives for only one component of the Project, construction of a bridge over the Little Miami River near Cincinnati.  Plaintiffs allege that the FEIS, administered in part and approved by the United States Department of Transportation and the Federal Highway Administration ("FHWA") (collectively "federal Defendants"), violated NEPA, the Department of Transportation Act, 23 U.S.C. § 138 and 49 U.S.C. § 303 ("Section 4(f)"), and the Administrative Procedure Act, 5 U.S.C. § 706(2).  Specifically, Plaintiffs allege that the federal Defendants failed to consider reasonable alternatives, significant new information, and mitigation measures relating to the location of the bridge element of the Project prior to approval of the FEIS and made a determination regarding the impact of a proposed bridge on surrounding parkland inconsistent with Section 4(f).  Plaintiffs seek declaratory and injunctive relief directing the federal Defendants to comply with NEPA and Section 4(f); vacating the ROD approving the FEIS; and prohibiting the federal Defendants from proceeding with any irrevocable actions related to the bridge element of the Eastern Corridor Project.

ODOT seeks to intervene in this case because unlike the federal Defendants, which possess broader oversight and disbursement responsibilities related to the Eastern Corridor

Project, ODOT is intimately involved in the details of and planning for the Project.  Moreover, as the state agency responsible for the transportation needs of the people of Ohio, ODOT has an express interest in and closer proximity to the central issue in this action; namely, the evaluation of possible alternatives for a bridge across the Little Miami River and the analysis of the potential impacts of these alternatives.  ODOT must do all this in the context of the regional transportation and land use plan, which includes new roads and rail, bus, and bike transportation.

ODOT further seeks to intervene because any remedy imposed by the Court would directly impact the department.  The significant, additional review Plaintiffs seek to impose may constitute a costly delay to the Eastern Corridor Project, the brunt of which would be borne by ODOT.  Finally, without intervention, ODOT's interests, and the interests ODOT represents as a conduit for local, city, and county officials, may not adequately be promoted by the federal Defendants.  In short, ODOT seeks to participate in this action to ensure that its important interests are considered, its views are heard, and that all relevant facts in its possession are presented to the Court.

Plaintiffs have been contacted by ODOT and they do not oppose ODOT's participation as an intervenor in this action.  In addition, the federal Defendants have been contacted by ODOT and they take no position on ODOT's participation as an intervenor.

## ARGUMENT

## I.    ODOT IS ENTITLED BY RIGHT TO INTERVENE ON BEHALF OF THE FEDERAL DEFENDANTS IN THIS ACTION

As an entity with significant legal interests in this action which will be injured by the relief that Plaintiffs seek and which may not be adequately represented by the federal Defendants, ODOT is entitled by right to intervene in this action.  Intervention as of right is governed by Federal Rule of Civil Procedure 24(a)(2).  The rule states:

> Upon timely application anyone shall be permitted to intervene in an action . . . when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

In its interpretation of the rule, the United States Court of Appeals for the District of Columbia Circuit ("D.C. Circuit") has identified four conditions upon which qualification for intervention as of right is dependant: (1) the timeliness of the motion; (2) a showing of adequate interest; (3) a possible impairment of that interest;[2] and (4) a lack of adequate representation by the existing parties to the action.[3] Fund for Animals, Inc. v. Norton, 322 F.3d 728, 731 (D.C. Cir. 2003). ODOT satisfies all four conditions.

### A.    ODOT's Motion for Leave to Intervene is Timely

ODOT has timely moved to intervene in this recently-filed action. Timeliness is a matter left to a court's discretion and is to be determined from all the circumstances relevant to the case and to the motion. Nat'l Assn. for the Advancement of Colored People v. New York, 413 U.S. 345, 366 (1973) ("NAACP"). Of significance to a court's consideration of timeliness are the age of the case, whether responsive pleadings or dispositive motions have been filed, the purpose for

---

[2] For discussion purposes, elements two and three are combined below.

[3] Several district courts within this Circuit require that a party seeking to intervene as of right must also demonstrate Article III standing. See, e.g., Friends of Animals v. Kempthorne, 2006 U.S. Dist. LEXIS 65478 at * 9 (D.D.C. Sept. 14, 2006) (Robinson, J.). The Supreme Court, however, has consistently stated that the standing inquiry is directed only at those who invoke the court's jurisdiction, see Larson v. Valente, 456 U.S. 228, 238 - 39 (1982), and on that basis, the D. C. Circuit has questioned the need for a defendant-intervenor to demonstrate standing, Roeder v. Islamic Republic of Iran, 333 F.3d 228, 233 (D.C. Cir. 2003). Regardless, the Roeder court made it clear that "any person who satisfies Rule 24(a) will also meet Article III's standing requirement." Id. For the reasons set forth below, as ODOT has satisfied the Rule 24(a) requirements for intervention as of right, ODOT also has satisfied Article III's standing requirements. Id.

which intervention is being sought, and whether intervention will cause prejudice to the existing parties to the action. Id. at 366 - 69; see also United States v. American Tel. & Tel. Co., 642 F.2d 1285, 1295 (D.C. Cir. 1980).

Plaintiffs' Complaint was filed October 17, 2006 and ODOT's Motion for Leave to Intervene was filed on November 17, 2006. Courts in this Circuit have found that motions to intervene filed later than ODOT's met the timeliness condition. Southern Utah Wilderness Alliance v. Norton, 2002 U.S. Dist. LEXIS 27414 at * 17 (D.D.C. June 28, 2002) (Kollar-Kotelly, J.) (finding as timely a motion to intervene filed more than 60 days after the complaint was filed). Because no answer or responsive motion has yet been filed and no significant action has been taken by the Court, no party will be prejudiced by ODOT's intervention at this stage of the litigation. See NAACP, 413 U.S. at 366; Gottlieb v. Lincoln Nat'l Life Ins. Co., 388 F. Supp. 2d 574, 578 (D. Md. 2005). Furthermore, Plaintiffs do not object to ODOT's participation and the federal Defendants take no position on ODOT's participation, indicating the lack of prejudice to them at this point in the proceeding. Consequently, this Motion for Leave to Intervene meets the timeliness condition.

**B.    ODOT Possesses Significant Legal Interests That May Be Impaired by the Disposition of this Action**

ODOT has significant legal interests in the design, development, and implementation of the Eastern Corridor Project that would be directly impacted by a ruling in this litigation. The D.C. Circuit has described the interest test as "primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." Nuesse v. Camp, 385 F.2d 694, 700 (D.C. Cir. 1967). The interest need not be a direct one in the property or transaction at issue, provided that it is an interest that would be impaired by the outcome of the litigation. Cascade Natural Gas Corp. v. El Paso Natural Gas Co., 386

- 6 -

U.S. 129, 135 - 36 (1967); see also Jones v. Prince George's County, Md., 348 F.3d 1014, 1018

(D.C. Cir. 2003) (holding that a proposed intervenor of right "need[s] only an 'interest' in the

litigation -- not a 'cause of action' or 'permission to sue.'"). The burden of showing the

impairment of a petitioner's interest is minimal. Michigan State AFL-CIO v. Miller, 103 F.3d

1240, 1247 (6th Cir. 1997) ("To satisfy this element of the intervention test, a would be

intervenor must show only that impairment of its substantial legal interest is possible."); Nuesse,

385 F.2d at 701 - 02 (holding that applicants need not show that impairment of their interest will

result).[4]

    Therefore, to satisfy the second condition of the intervention test, an applicant need show

either an interest in the property at issue, an interest in the transaction at issue, or an interest that

will be impaired by the outcome of the litigation. As demonstrated below, ODOT can show all

three types of interests. Further, because ODOT's interests would be impaired if Plaintiffs were

to succeed in this action, ODOT also satisfies the third condition of the intervention test.

        1.    ODOT Possesses a Substantial Legal Interest in the Property at Issue

    ODOT is significantly involved in the design, development, and implementation of the

Project overall and the bridge element at issue in this action. ODOT is the lead state agency

responsible for coordinating with all the entities involved in the Eastern Corridor Project and

---

[4] ODOT notes that other circuits have adopted a more mechanical approach when evaluating the relevant interests. For example, in Portland Audubon Society v. Hodel, 866 F.2d 302 (9th Cir. 1989), the Ninth Circuit held that an economic interest in protecting a continuous supply of timber was insufficient to warrant intervention in a NEPA case by a trade group and various timber companies. Following Wade v. Goldschmidt, 673 F.2d 182 (7th Cir. 1982) (per curiam), Portland Audubon held that in a suit to compel an agency to follow NEPA, only governmental bodies may be defendants. 866 F.2d at 309. However, Judge Robinson recently rejected the application of that holding to this Circuit, finding that the D. C. Circuit "has not imposed so restricted a standard for the demonstration of an 'interest.'" Friends of Animals, 2006 U.S. Dist. LEXIS 65478 at * 14. ODOT urges this Court to apply the standard articulated in Nuesse and Jones and by Judge Robinson when evaluating ODOT's interests.

Tiered EISs to ensure its completion.  As a result, ODOT has invested substantial time, money, and effort in the administrative actions that form the basis of Plaintiffs' Complaint.  ODOT has scheduled hearings and public meetings on and collected comments related to all multi-modal elements of the Project, including potential crossing of the Little Miami River, and created the record upon which the FHWA based its ROD, which is subject to challenge in this lawsuit.  A great deal of this coordination effort and environmental-investigation information can be found at the Project web-site: www.easterncorridor.org.

Further, the Draft Environmental Impact Statement for the Project acknowledged that the Tier 1 phase is "based on recognition that the transportation investments in the project area need to be land use driven, planned around a desirable and supportable future land use vision, and recognizing that individual transportation projects in different modal categories . . . need to be coordinated and implemented to work in conjunction with each other."  The responsibilities delineated in the foregoing passage fall upon ODOT.  ODOT plainly possesses a significant legal interest in the property at issue in this action.

2.    ODOT Possesses a Substantial Legal Interest in the Transaction
Which Is the Subject of Plaintiffs' Complaint

The Tier 1/Tier 2 NEPA approach to the Eastern Corridor Project was carefully vetted by state and federal agencies involved with the project and constitutes a logical sequence to perform the requisite environmental analysis.  It is in ODOT's interest that this project be completed in the most timely and efficient manner possible.  As with the Tier 1 process, ODOT will be intimately involved in the Tier 2 process.  Among other things, ODOT will again be responsible for (i) scheduling hearings and public meetings on and collecting comments related to draft and final environmental impact statements ("EIS") and/or environmental assessments ("EA") conducted as part of the Tier 2 work, and (ii) promulgating studies necessary to develop the

above-mentioned draft and final EIS's and EA's.  Any delay in the completion of the Tier I

process as a result of this litigation could surely hamper the Tier 2 NEPA process and ultimate

project completion.  Accordingly, ODOT has a significant legal interest in the transaction at

issue; *i.e.*, the approval of the FEIS and ROD and the prompt initiation of the Tier 2 process,

which is potentially impaired by Plaintiffs' Complaint.

> 3.    Any Success By Plaintiffs Could Impose Significant Administrative and
> Economic Costs on ODOT

Approximately $8,000,000 (made up of federal, state, and local funds) has already been

spent in the development of the Project.  If Plaintiffs succeed in this litigation, a new round of

studies, review, and comments on the Tier 1 process could be required.  ODOT could bear the

administrative brunt of the time and effort associated with that process, such as the promulgation,

review, and comments on the studies proposed by Plaintiffs.  And if Plaintiffs succeed in this

action, the financial and other burdens of delay also could be imposed on ODOT.  In addition,

ODOT could suffer from the revocation of federal funding, which would jeopardize the logical

and timely completion of the Eastern Corridor Project.  ODOT faces the threat of serious

economic injury if Plaintiffs succeed in this action.

The threat of economic injury from the outcome of litigation is sufficient by itself to

provide ODOT with the requisite interest in this action.  Cascade Natural Gas Corp., 386 U.S. at

135 - 36; Utahns for Better Transportation v. U.S. Dept. of Transportation, 295 F.3d 1111, 1115

(10th Cir. 2002) ("The threat of an economic injury from the outcome of litigation undoubtedly

gives a petitioner the requisite interest."); Kleisser v. United States Forest Service, 157 F.3d 964,

973 (3d Cir. 1998) (holding that timber companies that had not received timber contracts under a

challenged Forest Service plan had a sufficient interest to intervene based on their longstanding

reliance on contractual relations with the Forest Service and their "considerable stake" in

ensuring that new timber projects remain in place). Moreover, the threat of economic injury is

more than sufficient to satisfy the third condition of the intervention test. Fund for Animals, Inc.,

322 F.3d at 735 (holding that loss of revenues is sufficient to satisfy third condition of

intervention test); Michigan State AFL-CIO, 103 F.3d at 1247.

In sum, ODOT has substantial legal interests in the property and transaction at issue

which would be impaired if Plaintiffs are successful in this action. Accordingly, ODOT has

satisfied the second and third conditions of the intervention test.

### C.    ODOT's Interests May Not Adequately Be Represented by the Federal Defendants

To satisfy the inadequate representation standard for intervention as of right, an

intervenor need only show that the existing representation may be inadequate. The showing

required is minimal. Trbovich v. United Mine Workers, 404 U.S. 528, 538 n.10 (1972). An

intervenor "ordinarily should be allowed to intervene unless it is clear that the party will provide

adequate representation for the absentee." American Tel. & Tel. Co., 642 F.2d at 1293.

Although ODOT's interest in the FEIS and ROD may coincide with that of the federal

Defendants, that interest, by itself, does not necessarily mean that "adequacy of representation is

ensured for purposes of rule 24(a)(2)." Nat'l Resources Defense Council v. Costle, 561 F.2d

904, 912 (D.C. Cir. 1977). "[M]erely because parties share a general interest in the legality of a

program or regulation does not mean their particular interests coincide so that representation by

the agency alone is justified." Am. Horse Protection Ass'n. Inc. v. Veneman, 200 F.R.D. 153,

159 (D.D.C. 2001); American Tel. & Tel. Co., 642 F.2d at 1293.

Here, ODOT's interests and goals may diverge from those of the federal Defendants at

key points in this action. Plaintiffs are suing to impose their vision of proper transportation

planning for Cincinnati. As the voice of the State of Ohio and its constituents on transportation

issues, ODOT will contribute to the full development of the legal issues in this suit and can uniquely relate to the Court the practical impact any remedy in this litigation will have on Ohio residents, businesses, and workers. Sagebrush Rebellion, Inc. v. Watt, 713 F.2d 525, 528 (9th Cir. 1983) (allowing intervention to group that had "expertise" and "offer[ed] a perspective" different from existing parties).

On the other hand, because of the federal Defendants constituency, they may or may not vigorously defend ODOT's interests and may, at times, take a different approach to the issues raised. In addition, as various federal agencies participated in the Eastern Corridor Project, including the U.S. Department of the Interior and its sub-agencies the National Park Service and the Fish & Wildlife Service ("FWS"), the federal Defendants must consider a range of interests. ODOT is therefore entitled to intervene to champion its perspective and the perspective of its local government partners. See Forest Conservation Council v. United States Forest Serv., 66 F.3d 1489, 1499 (9th Cir. 1995) (holding that U.S. Forest Service did not adequately represent state and county in environmental group's lawsuit against Forest Service because that agency "is required to represent a broader view than the more narrow, parochial interests" of the state and county); see also Fund for Animals, 322 F.3d at 737 (D. C. Circuit held that the FWS could not adequately represent the "more narrow and parochial" interests of Mongolia in litigation challenging FWS's listing and importing obligations with respect to foreign species of sheep, even though both entities involved in the litigation were involved in efforts to conserve the sheep and were attempting to defend the legality of the same regulation).

For the reasons set forth above, ODOT has demonstrated that its motion to intervene is timely and that it possesses significant legal interests that would be impaired by Plaintiffs'

success in this action and which may not adequately be represented by the federal Defendants.

Accordingly, ODOT should be granted intervention as of right.

## II.    ODOT SHOULD BE ALLOWED TO INTERVENE PERMISSIVELY

This Court possesses broad discretion to grant permissive intervention pursuant to Fed. R.

Civ. P. 24(b).  See Equal Employment Opportunity Comm'n v. Nat'l Children's Ctr., Inc., 146

F.3d 1042, 1046 (D.C. Cir. 1998).  If the Court should determine that ODOT does not meet the

standards to intervene as of right, ODOT should be granted permissive intervention.[5]

Rule 24(b)(2) provides in pertinent part that

[u]pon timely application anyone may be permitted to intervene in an action . . .
when an applicant's claim or defense in the main action have a question of law
or fact in common. . . .  In exercising its discretion the court shall consider whether
the intervention will unduly delay or prejudice the adjudication of the rights of the
original parties.

The D. C. Circuit has articulated three factors on which permissive intervention is dependent: (1)

an independent ground for subject matter jurisdiction; (2) a claim or defense that has a question

of law or fact in common with the main action; and (3) a timely motion.  Equal Employment

Opportunity Comm'n, 146 F.3d at 1046.

The Equal Employment Opportunity Comm'n court explained that the "first requirement

for permissive intervention - an independent basis for jurisdiction - stems not from any explicit

language in Rule 24(b), but rather from the basic principle that a court may not adjudicate claims

over which it lacks subject matter jurisdiction."  Id.  This is not an issue here, as ODOT's

defense centers around the same legal issues; namely, whether the government satisfied its

obligations under NEPA and Section 4(f) when it approved the FEIS and ROD.  Moreover,

---

[5] Permissive intervention is not a substitute for intervention as of right.  Thus, if ODOT
qualifies for intervention under Rule 24(a), the Court must grant that status. Fed. R. Civ. P.
24(a).

ODOT will be bound by the complete administrative record in this case as compiled and certified by the FHWA. ODOT is intervening to have a voice in how that defense is made, and not to interject new legal theories into this case. Accordingly, the first and second requirements are satisfied.

Finally, ODOT's intervention is timely, does not unduly delay the adjudication, and does not prejudice the rights of the parties. All three of these factors are described in greater detail above, and the reasoning is identical for intervention as of right as it is for permissive intervention. Moreover, permissive intervention is deemed especially appropriate in complex litigation where the intervenor would aid the court in understanding the factual issues of the case. See 6 Moore's Federal Practice § 24.10[2][b] (Matthew Bender 3d ed. 2002). The issues in this litigation are both legally and factually complicated. Thus, in light of ODOT's expertise and intimate familiarity with the facts, permissive intervention should be granted.

## CONCLUSION

For the reasons set forth above, ODOT respectfully requests that it be granted intervention as of right pursuant to Fed. R. Civ. P. 24(a)(2), or in the alternative, permissive intervention under Fed. R. Civ. P. 24(b)(2).

Dated:  November 17th, 2006

Respectfully submitted,

Frederick C. Schoch
Trial Attorney
Ohio Bar No. 0008215
Assistant Attorney General
Transportation Section
140 East Town St., 12th Floor
Columbus, Ohio  43215-6001
Phone:          (614) 466-4656
Fax:            (614) 466-1756
fschoch@ag.state.oh.us
Counsel for Gordon Proctor,
Director, Ohio Department of
Transportation

Fred R. Wagner
Special Counsel to Ohio Department of
Transportation
D.C. Bar No. 416009
Beveridge & Diamond, P.C.
1350 I Street, NW, Suite 700
Washington, D.C.  20005-3311
Phone:          (202) 789-6041
Fax:            (202) 789-6190
fwagner@bdlaw.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RIVERS UNLIMITED, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No.  1:06-CV-01775-JR |
| | ) | |
| UNITED STATES DEPARTMENT OF | ) | |
| TRANSPORTATION, *et al.*, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| OHIO DEPARTMENT OF TRANSPORTATION, | ) | |
| | ) | |
| Proposed | ) | |
| Defendant-Intervenor. | ) | |

## <u>ORDER</u>

UPON CONSIDERATION of the Ohio Department of Transportation's ("ODOT") Motion for Leave to Intervene and Memorandum of Points and Authorities submitted in support thereof, and good cause having been shown therefor, it is this ____ day of _____, _____, hereby

ORDERED that the Motion for Leave to Intervene is GRANTED.  ODOT is added as Defendant-Intervenor to the above-captioned civil action.

_____

JUDGE, UNITED STATES DISTRICT COURT

## ATTORNEYS LIST

Pursuant to LCvR 7(k), set forth below is a list of the names and addresses of all

attorneys and parties entitled to be notified of the entry of the foregoing proposed Order:

Robert Ukeiley
Law Office of Robert Ukeiley
433 Chestnut Street
Berea, KY 40403
Counsel for Plaintiffs

Brian Litmans
917 SW Oak Street
Suite 414
Portland, OR 97205
Counsel for Plaintiffs

Frederick C. Schoch
Trial Attorney
Assistant Attorney General
Transportation Section
140 East Town St., 12th Floor
Columbus, Ohio  43215-6001
Counsel for Proposed Defendant-Intervenor

Fred R. Wagner
Beveridge & Diamond, P.C.
1350 I Street, NW, Suite 700
Washington, D.C. 20005-3311
Counsel for Proposed Defendant-Intervenor

United States Department of Transportation
400 Seventh Street, S.W.
Washington, D.C. 20590

Maria Cino
United States Department of Transportation
400 Seventh Street, S.W.
Washington, D.C. 20590

Federal Highway Administration
400 Seventh Street, S.W.
Washington, D.C. 20590

J. Richard Capka
Federal Highway Administration
400 Seventh Street, S.W.
Washington, D.C. 20590

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| RIVERS UNLIMITED, *et al.*,    ) | |
| )                              | |
| Plaintiffs,    )               | |
| )                              | |
| v.    )                        | Case No.  1:06-CV-01775-JR |
| )                              | |
| UNITED STATES DEPARTMENT OF    ) | |
| TRANSPORTATION, *et al.*,    ) | |
| )                              | |
| Defendants,    )               | |
| )                              | |
| and    )                       | |
| )                              | |
| OHIO DEPARTMENT OF TRANSPORTATION,  ) | |
| )                              | |
| Proposed    )                  | |
| Defendant-Intervenor.    )     | |
| )                              | |

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Motion & Memorandum in Support of Proposed

Defendant-Intervenor's Motion for Leave to Intervene, Proposed Order, and Answer were sent

this 17th day of November, 2006, via regular U.S. Mail, postage prepaid, to:

Robert Ukeiley
Law Office of Robert Ukeiley
433 Chestnut Street
Berea, KY 40403
Counsel for Plaintiffs

and

Brian Litmans
917 SW Oak Street
Suite 414
Portland, OR 97205
Counsel for Plaintiffs

_____
Fred R. Wagner

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RIVERS UNLIMITED, *et al.*,          )
                                     )
          Plaintiffs,                )
                                     )
v.                                   )          Case No.  1:06-CV-01775-JR
                                     )
UNITED STATES DEPARTMENT OF          )
TRANSPORTATION, *et al.*,            )
                                     )
          Defendants,                )
                                     )
and                                  )
                                     )
OHIO DEPARTMENT OF TRANSPORTATION,   )
                                     )
          Defendant-Intervenor.      )
_____)

## ANSWER OF DEFENDANT-INTERVENOR
## OHIO DEPARTMENT OF TRANSPORTATION TO PLAINTIFFS' COMPLAINT

Defendant-Intervenor Ohio Department of Transportation ("ODOT" or "Intervenor")

hereby admits, denies, or otherwise responds as follows to Plaintiffs' Complaint.  The numbered

paragraphs in this Answer correspond to the numbered paragraphs in Plaintiffs' Complaint.

## INTRODUCTION

1.     This paragraph states legal conclusions to which no response is required.  To the

extent an answer is required, this paragraph is denied.

2.     Intervenor avers that the Tier 1 Final Environmental Impact Statement ("FEIS")

for the Eastern Corridor Multi-Modal Project ("Eastern Corridor Project") identifies, among

other elements of the regional transportation plan, feasible alternatives for a potential bridge

crossing of the Little Miami River channel and immediate riparian banks.  The aforementioned

feasible alternatives are subject to further environmental review before any implementation

decisions are made. Intervenor also avers that the Little Miami River is a nationally designated Wild and Scenic River. Intervenor denies the remaining allegations in this paragraph.

3.      This paragraph states legal conclusions to which no response is required. To the extent an answer is required, this paragraph is denied.

4.      This paragraph sets forth Plaintiffs' request for relief and requires no response. To the extent an answer is required, this paragraph is denied.

## JURISDICTION AND VENUE

5-6.      These paragraphs state legal conclusions to which no response is required. To the extent an answer is required, these paragraphs are denied.

## PARTIES

7.      Intervenor is without knowledge or information necessary to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies the same.

8.      Intervenor is without knowledge or information necessary to form a belief as to the truth of the allegations in the first and third sentences of this paragraph, and therefore denies the same. The remaining sentences in this paragraph state legal conclusions to which no response is required. To the extent an answer is required, the remaining sentences are denied.

9.      Intervenor is without knowledge or information necessary to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies the same.

10.      Intervenor is without knowledge or information necessary to form a belief as to the truth of the allegations in the first, second, and fourth sentences of this paragraph, and therefore denies the same. The remaining sentences in this paragraph state legal conclusions to which no response is required. To the extent an answer is required, the remaining sentences are denied.

11.     Intervenor is without knowledge or information necessary to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies the same.

12.     Intervenor is without knowledge or information necessary to form a belief as to the truth of the allegations in the first, third, and fourth sentences of this paragraph, and therefore denies the same. The remaining sentences in this paragraph state legal conclusions to which no response is required. To the extent an answer is required, the remaining sentences are denied.

13.     Intervenor is without knowledge or information necessary to form a belief as to the truth of the allegations in the first, second, and third sentences of this paragraph, and therefore denies the same. The remaining sentences in this paragraph state legal conclusions to which no response is required. To the extent an answer is required, the remaining sentences are denied.

14.     Intervenor avers that federal funds will be provided for elements of the Eastern Corridor Project. Intervenor further avers that the Tier 1 FEIS for the Eastern Corridor Project identifies, among other elements of the regional transportation plan, feasible alternatives for a potential bridge crossing of the Little Miami River channel and immediate riparian banks. The aforementioned feasible alternatives are subject to further environmental review before any implementation decisions are made. Intervenor admits the remaining allegations in this paragraph.

15.     Admitted.

16.     Intervenor avers that federal funds will be provided for elements of the Eastern Corridor Project. Intervenor further avers that the Tier 1 FEIS for the Eastern Corridor Project identifies, among other elements of the regional transportation plan, feasible alternatives for a potential bridge crossing of the Little Miami River channel and immediate riparian banks. The

aforementioned feasible alternatives are subject to further environmental review before any implementation decisions are made. Intervenor admits the remaining allegations in this paragraph.

17.    Admitted.

## LEGAL FRAMEWORK AND FACTS

### RELEVANT STATUTES

**A.    The National Environmental Policy Act**

18-31. The allegations in these paragraphs characterize certain provisions of the National Environmental Policy Act, 42 U.S.C. §§ 4321 et seq. ("NEPA"), its implementing regulations, and a document published in the Federal Register regarding NEPA regulations, which speak for themselves and are the best evidence of their content, and require no response. To the extent an answer is required, any allegations inconsistent with NEPA and its implementing regulations are denied.

**B.    Section 4(f) of The Department of Transportation Act**

32-45. The allegations in these paragraphs characterize certain provisions of the Department of Transportation Act, 23 U.S.C. § 138 and 49 U.S.C. § 303 ("Section 4(f)"), its implementing regulations and legislative history, and the Federal Highway Administration's March 1, 2005 Section 4(f) Policy Paper ("Policy Paper"), which speak for themselves and are the best evidence of their content, and require no response. To the extent an answer is required, any allegations inconsistent with Section 4(f), its implementing regulations or legislative history, or the Policy Paper are denied.

C.    **Little Miami National Wild and Scenic River**

46.    Intervenor admits the allegations contained in the first sentence of this paragraph. Intervenor is without knowledge or information necessary to form a belief as to the truth of the allegations in the remaining sentences of this paragraph, and therefore denies the same.

47.    Intervenor is without knowledge or information necessary to form a belief as to the truth of the allegations in this paragraph, and therefore denies the same.

48.    Intervenor avers that the Tier 1 FEIS for the Eastern Corridor Project identifies, among other elements of the regional transportation plan, feasible alternatives for a potential bridge crossing of the Little Miami River channel and immediate riparian banks.  The aforementioned feasible alternatives are subject to further environmental review before any implementation decisions are made.  Intervenor denies the remaining allegations in this paragraph.

49-50.  Intervenor is without knowledge or information necessary to form a belief as to the truth of the allegations in these paragraphs, and therefore denies the same.

51.    The allegations in this paragraph characterize certain provisions of the June 1985 Ohio Scenic Rivers Program Little Miami State Scenic River Management Plan and Council on Environmental Quality Memorandum for Heads of Agencies, August 10, 1980, which speak for themselves and are the best evidence of their content, and require no response.  To the extent an answer is required, any allegations inconsistent with the above-mentioned documents are denied.

D.    **The Eastern Corridor Multi-Modal Project and Its Impacts on the Little Miami National Wild and Scenic River**

52.    Intervenor avers that the Eastern Corridor Project core study area covers approximately 165 square miles extending from the Cincinnati Central Business District and riverfront redevelopment area in Hamilton County east to the I-275 outerbelt corridor in

Clermont County, and that within the core study area, a 14 square mile detailed study area was used as the focal area for the development of feasible alternatives for major new capacity improvements and the Tier I environmental field studies.

53.    Intervenor admits the allegations contained in the first sentence of this paragraph. The second and eighth sentences of this paragraph state legal conclusions to which no response is required. To the extent an answer is required, the second and eighth sentences are denied. The remaining sentences in this paragraph characterize the Eastern Corridor Major Investment Study ("MIS"), which speaks for itself and is the best evidence of its content, and to which no response is required. To the extent an answer is required, any allegations inconsistent with the MIS are denied.

54.    The allegations contained in this paragraph characterize the MIS, which speaks for itself and is the best evidence of its content, and to which no response is required. To the extent an answer is required, any allegations inconsistent with the MIS are denied.

55.    Admitted.

56.    This paragraph states legal conclusions to which no response is required. To the extent an answer is required, this paragraph is denied.

57.    Denied.

58.    The allegations in this paragraph characterize the Preliminary Draft Environmental Impact Statement ("PDEIS"), which speaks for itself and is the best evidence of its content, and to which no response is required. To the extent an answer is required, any allegations inconsistent with the PDEIS are denied.

59.    The allegations in this paragraph characterize statements made in comments on the PDEIS submitted by the U.S. Environmental Protection Agency ("EPA") on May 6, 2004

and the U.S. National Park Service ("NPS") on May 27, 2004, which speak for themselves and are the best evidence of their content, and to which no response is required. To the extent an answer is required, any allegations inconsistent with the above-mentioned comments are denied.

60.    Admitted. Intervenor further avers that the Tier 1 FEIS presented interest on the topics enumerated in this paragraph.

61-62. Admitted.

63.    Intervenor denies the last sentence and admits the remaining sentences in this paragraph.

64-65. Admitted.

66-67. The allegations in these paragraphs characterize statements made in comments on the Draft Environmental Impact Statement ("DEIS") submitted by EPA on December 30, 2004, which speak for themselves and are the best evidence of their content, and to which no response is required. To the extent an answer is required, any allegations inconsistent with the above-mentioned comments are denied.

68.    The allegations in this paragraph characterize statements made in comments on the DEIS submitted by NPS on December 7, 2004, which speak for themselves and are the best evidence of their content, and to which no response is required. To the extent an answer is required, any allegations inconsistent with the above-mentioned comments are denied.

69.    The allegations in this paragraph characterize statements made in a February 3, 2005 memorandum submitted by the U.S. Fish and Wildlife Service to NPS, which speak for themselves and are the best evidence of their content, and to which no response is required. To the extent an answer is required, any allegations inconsistent with the above-mentioned memorandum are denied.

70.    The allegations in this paragraph characterize statements made in comments on the DEIS submitted by the United States Department of the Interior ("DOI") on April 18, 2005, which speak for themselves and are the best evidence of their content, and to which no response is required.  To the extent an answer is required, any allegations inconsistent with the above-mentioned comments are denied.

71.    The allegations in this paragraph characterize statements made in comments on the DEIS submitted by plaintiffs Rivers Unlimited on January 6, 2005 and Little Miami, Inc. and the Sierra Club on January 10, 2005, which speak for themselves and are the best evidence of their content, and to which no response is required.  To the extent an answer is required, any allegations inconsistent with the above-mentioned comments are denied.

72.    Denied.

73.    Intervenor is without knowledge or information necessary to form a belief as to the truth of the allegations in this paragraph, and therefore denies the same.

74-76.  The allegations in these paragraphs characterize statements made in comments on the FEIS submitted by DOI on November 28, 2005, which speak for themselves and are the best evidence of their content, and to which no response is required.  To the extent an answer is required, any allegations inconsistent with the above-mentioned comments are denied.

77.    The allegations in this paragraph characterize statements made in comments on the FEIS submitted by plaintiffs Little Miami, Inc. on November 28, 2005 and the Sierra Club on November 27, 2005, which speak for themselves and are the best evidence of their content, and to which no response is required.  To the extent an answer is required, any allegations inconsistent with the above-mentioned comments are denied.

78-79.   The allegations in these paragraphs characterize statements made in comments and an attached report on the FEIS submitted by NPS on June 28, 2006, which speak for themselves and are the best evidence of their content, and to which no response is required.  To the extent an answer is required, any allegations inconsistent with the above-mentioned comments and report are denied.

80.      Intervenor admits that issuance of the Record of Decision indicates approval to proceed with individual Tier 2 analyses for specific elements of the Eastern Corridor Project. Intervenor denies the remaining allegations in this paragraph.

## PLAINTIFFS' CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
**Violation of NEPA and Its Implementing Regulations**
(Failure to Consider Reasonable Alternatives)

81.      The answers to each allegation set forth in Plaintiffs' Complaint are incorporated herein by reference.

82-84.   These paragraphs state legal conclusions to which no response is required.  To the extent an answer is required, these paragraphs are denied.

### SECOND CLAIM FOR RELIEF
**Violation of NEPA and its Implementing Regulations**
(Failure to Consider Significant New Information and Failure to Prepare a Supplemental EIS)

85.      The answers to each allegation set forth in Plaintiffs' Complaint are incorporated herein by reference.

86.      The allegations in this paragraph characterize NEPA, which speaks for itself and is the best evidence of its content, and require no response.  To the extent an answer is required, any allegations inconsistent with NEPA are denied.

87.     The allegations in this paragraph characterize statements made in comments and an attached report on the FEIS submitted by NPS on June 28, 2006, which speak for themselves and are the best evidence of their content, and to which no response is required.  To the extent an answer is required, any allegations inconsistent with the above-mentioned comments and report are denied.

88.     This paragraph states legal conclusions to which no response is required.  To the extent an answer is required, this paragraph is denied.

## THIRD CLAIM FOR RELIEF
### Violation of NEPA and its Implementing Regulations
(Failure to Take Requisite Hard Look and Provide Sufficient Detail
Concerning Mitigation Measures)

89.     The answers to each allegation set forth in Plaintiffs' Complaint are incorporated herein by reference.

90-92.  The allegations in these paragraphs characterize certain provisions of NEPA and its implementing regulations, which speak for themselves and are the best evidence of their content, and require no response.  To the extent an answer is required, any allegations inconsistent with NEPA and its implementing regulations are denied.

93.     This paragraph states legal conclusions to which no response is required.  To the extent an answer is required, this paragraph is denied.

## FOURTH CLAIM FOR RELIEF
### Violation of NEPA and Its Implementing Regulations
(Failure to Base EIS on Current and Up-To-Date Data)

94.     The answers to each allegation set forth in Plaintiffs' Complaint are incorporated herein by reference.

95.     The allegations in this paragraph characterize certain provisions of the implementing regulations of NEPA, which speak for themselves and are the best evidence of

their content, and require no response. To the extent an answer is required, any allegations inconsistent with the implementing regulations of NEPA are denied.

96.    The allegations in the first sentence of this paragraph characterizes facts set forth in the Tier I September 2004 Economic Analysis Report, which speak for themselves and are the best evidence of their content, and require no response. To the extent an answer is required, any allegations inconsistent with the above-mentioned document are denied. The remaining sentences in this paragraph state legal conclusions to which no response is required. To the extent an answer is required, these sentences are denied.

## FIFTH CLAIM FOR RELIEF
### Violation of the Transportation Act and its Implementing Regulations
(Failure to Find a Constructive Use, Conduct a 4(f) Analysis and Prepare a 4(f) Summary)

97.    The answers to each allegation set forth in Plaintiffs' Complaint are incorporated herein by reference.

98-99.    These paragraphs state legal conclusions to which no response is required. To the extent an answer is required, these paragraphs are denied.

## RELIEF

The remaining paragraphs of Plaintiffs' Complaint consist of Plaintiffs' prayer for relief and require no response. To the extent an answer is required, these paragraphs are denied.

## GENERAL DENIAL

ODOT specifically denies each and every allegation of the Complaint not otherwise expressly admitted, qualified, or denied by this Answer.

## DEFENSES

1.    Plaintiffs fail to state a claim upon which relief may be granted.

2.    Plaintiffs lack standing to assert their claims.

3.    Plaintiffs' claims are moot.

4.    Plaintiffs' claims are not ripe.

5.    Plaintiffs are not entitled to the relief sought.

6.    Plaintiffs are not entitled to attorneys fees.

WHEREFORE, having answered each and every allegation in Plaintiffs' Complaint,

Intervenor respectfully requests that this lawsuit be dismissed with prejudice, that judgment be

entered for the Intervenor, that the Court grant Intervenor her costs of suit, and that the Court

order such other and further relief as the Court may allow.

Dated:  November 17th, 2006                                Respectfully submitted,

                                                          Frederick C. Schoch
                                                          Trial Attorney
                                                          Ohio Bar No. 0008215
                                                          Assistant Attorney General
                                                          Transportation Section
                                                          140 East Town St., 12th Floor
                                                          Columbus, Ohio  43215-6001
                                                          Phone:        (614) 466-4656
                                                          Fax:          (614) 466-1756
                                                          fschoch@ag.state.oh.us
                                                          Counsel for Gordon Proctor,
                                                          Director, Ohio Department of
                                                          Transportation


                                                          Fred R. Wagner
                                                          Special Counsel to Ohio Department of
                                                          Transportation
                                                          D.C. Bar No. 416009
                                                          Beveridge & Diamond, P.C.
                                                          1350 I Street, NW, Suite 700
                                                          Washington, D.C.  20005-3311
                                                          Phone:        (202) 789-6041
                                                          Fax:          (202) 789-6190
                                                          fwagner@bdlaw.com

- 12 -