IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RIVERS UNLIMITED, *et al.*, | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No. 1:06-CV-01775-JR ) |
| UNITED STATES DEPARTMENT OF TRANSPORTATION, *et al.*, | ) ) ) |
| Defendants, | ) ) |
| and | ) ) |
| OHIO DEPARTMENT OF TRANSPORTATION, | ) ) |
| Defendant-Intervenor. | ) ) |

**ANSWER OF DEFENDANT-INTERVENOR
OHIO DEPARTMENT OF TRANSPORTATION TO PLAINTIFFS' COMPLAINT**

Defendant-Intervenor Ohio Department of Transportation ("ODOT" or "Intervenor") hereby admits, denies, or otherwise responds as follows to Plaintiffs' Complaint. The numbered paragraphs in this Answer correspond to the numbered paragraphs in Plaintiffs' Complaint.

**INTRODUCTION**

1. This paragraph states legal conclusions to which no response is required. To the extent an answer is required, this paragraph is denied.

2. Intervenor avers that the Tier 1 Final Environmental Impact Statement ("FEIS") for the Eastern Corridor Multi-Modal Project ("Eastern Corridor Project") identifies, among other elements of the regional transportation plan, feasible alternatives for a potential bridge crossing of the Little Miami River channel and immediate riparian banks. The aforementioned feasible alternatives are subject to further environmental review before any implementation

decisions are made. Intervenor also avers that the Little Miami River is a nationally designated Wild and Scenic River. Intervenor denies the remaining allegations in this paragraph.

3. This paragraph states legal conclusions to which no response is required. To the extent an answer is required, this paragraph is denied.

4. This paragraph sets forth Plaintiffs' request for relief and requires no response. To the extent an answer is required, this paragraph is denied.

## JURISDICTION AND VENUE

5-6. These paragraphs state legal conclusions to which no response is required. To the extent an answer is required, these paragraphs are denied.

## PARTIES

7. Intervenor is without knowledge or information necessary to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies the same.

8. Intervenor is without knowledge or information necessary to form a belief as to the truth of the allegations in the first and third sentences of this paragraph, and therefore denies the same. The remaining sentences in this paragraph state legal conclusions to which no response is required. To the extent an answer is required, the remaining sentences are denied.

9. Intervenor is without knowledge or information necessary to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies the same.

10. Intervenor is without knowledge or information necessary to form a belief as to the truth of the allegations in the first, second, and fourth sentences of this paragraph, and therefore denies the same. The remaining sentences in this paragraph state legal conclusions to which no response is required. To the extent an answer is required, the remaining sentences are denied.

11. Intervenor is without knowledge or information necessary to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies the same.

12. Intervenor is without knowledge or information necessary to form a belief as to the truth of the allegations in the first, third, and fourth sentences of this paragraph, and therefore denies the same. The remaining sentences in this paragraph state legal conclusions to which no response is required. To the extent an answer is required, the remaining sentences are denied.

13. Intervenor is without knowledge or information necessary to form a belief as to the truth of the allegations in the first, second, and third sentences of this paragraph, and therefore denies the same. The remaining sentences in this paragraph state legal conclusions to which no response is required. To the extent an answer is required, the remaining sentences are denied.

14. Intervenor avers that federal funds will be provided for elements of the Eastern Corridor Project. Intervenor further avers that the Tier 1 FEIS for the Eastern Corridor Project identifies, among other elements of the regional transportation plan, feasible alternatives for a potential bridge crossing of the Little Miami River channel and immediate riparian banks. The aforementioned feasible alternatives are subject to further environmental review before any implementation decisions are made. Intervenor admits the remaining allegations in this paragraph.

15. Admitted.

16. Intervenor avers that federal funds will be provided for elements of the Eastern Corridor Project. Intervenor further avers that the Tier 1 FEIS for the Eastern Corridor Project identifies, among other elements of the regional transportation plan, feasible alternatives for a potential bridge crossing of the Little Miami River channel and immediate riparian banks. The

aforementioned feasible alternatives are subject to further environmental review before any implementation decisions are made. Intervenor admits the remaining allegations in this paragraph.

17.   Admitted.

## LEGAL FRAMEWORK AND FACTS

### RELEVANT STATUTES

A.   **The National Environmental Policy Act**

18-31.   The allegations in these paragraphs characterize certain provisions of the National Environmental Policy Act, 42 U.S.C. §§ 4321 et seq. ("NEPA"), its implementing regulations, and a document published in the Federal Register regarding NEPA regulations, which speak for themselves and are the best evidence of their content, and require no response. To the extent an answer is required, any allegations inconsistent with NEPA and its implementing regulations are denied.

B.   **Section 4(f) of The Department of Transportation Act**

32-45.   The allegations in these paragraphs characterize certain provisions of the Department of Transportation Act, 23 U.S.C. § 138 and 49 U.S.C. § 303 ("Section 4(f)"), its implementing regulations and legislative history, and the Federal Highway Administration's March 1, 2005 Section 4(f) Policy Paper ("Policy Paper"), which speak for themselves and are the best evidence of their content, and require no response. To the extent an answer is required, any allegations inconsistent with Section 4(f), its implementing regulations or legislative history, or the Policy Paper are denied.

C. <u>Little Miami National Wild and Scenic River</u>

46. Intervenor admits the allegations contained in the first sentence of this paragraph. Intervenor is without knowledge or information necessary to form a belief as to the truth of the allegations in the remaining sentences of this paragraph, and therefore denies the same.

47. Intervenor is without knowledge or information necessary to form a belief as to the truth of the allegations in this paragraph, and therefore denies the same.

48. Intervenor avers that the Tier 1 FEIS for the Eastern Corridor Project identifies, among other elements of the regional transportation plan, feasible alternatives for a potential bridge crossing of the Little Miami River channel and immediate riparian banks. The aforementioned feasible alternatives are subject to further environmental review before any implementation decisions are made. Intervenor denies the remaining allegations in this paragraph.

49-50. Intervenor is without knowledge or information necessary to form a belief as to the truth of the allegations in these paragraphs, and therefore denies the same.

51. The allegations in this paragraph characterize certain provisions of the June 1985 Ohio Scenic Rivers Program Little Miami State Scenic River Management Plan and Council on Environmental Quality Memorandum for Heads of Agencies, August 10, 1980, which speak for themselves and are the best evidence of their content, and require no response. To the extent an answer is required, any allegations inconsistent with the above-mentioned documents are denied.

D. <u>The Eastern Corridor Multi-Modal Project and Its Impacts on the Little Miami National Wild and Scenic River</u>

52. Intervenor avers that the Eastern Corridor Project core study area covers approximately 165 square miles extending from the Cincinnati Central Business District and riverfront redevelopment area in Hamilton County east to the I-275 outerbelt corridor in

Clermont County, and that within the core study area, a 14 square mile detailed study area was used as the focal area for the development of feasible alternatives for major new capacity improvements and the Tier I environmental field studies.

53.     Intervenor admits the allegations contained in the first sentence of this paragraph. The second and eighth sentences of this paragraph state legal conclusions to which no response is required. To the extent an answer is required, the second and eighth sentences are denied. The remaining sentences in this paragraph characterize the Eastern Corridor Major Investment Study ("MIS"), which speaks for itself and is the best evidence of its content, and to which no response is required. To the extent an answer is required, any allegations inconsistent with the MIS are denied.

54.     The allegations contained in this paragraph characterize the MIS, which speaks for itself and is the best evidence of its content, and to which no response is required. To the extent an answer is required, any allegations inconsistent with the MIS are denied.

55.     Admitted.

56.     This paragraph states legal conclusions to which no response is required. To the extent an answer is required, this paragraph is denied.

57.     Denied.

58.     The allegations in this paragraph characterize the Preliminary Draft Environmental Impact Statement ("PDEIS"), which speaks for itself and is the best evidence of its content, and to which no response is required. To the extent an answer is required, any allegations inconsistent with the PDEIS are denied.

59.     The allegations in this paragraph characterize statements made in comments on the PDEIS submitted by the U.S. Environmental Protection Agency ("EPA") on May 6, 2004

and the U.S. National Park Service ("NPS") on May 27, 2004, which speak for themselves and are the best evidence of their content, and to which no response is required. To the extent an answer is required, any allegations inconsistent with the above-mentioned comments are denied.

60.  Admitted. Intervenor further avers that the Tier 1 FEIS presented interest on the topics enumerated in this paragraph.

61-62.  Admitted.

63.  Intervenor denies the last sentence and admits the remaining sentences in this paragraph.

64-65.  Admitted.

66-67.  The allegations in these paragraphs characterize statements made in comments on the Draft Environmental Impact Statement ("DEIS") submitted by EPA on December 30, 2004, which speak for themselves and are the best evidence of their content, and to which no response is required. To the extent an answer is required, any allegations inconsistent with the above-mentioned comments are denied.

68.  The allegations in this paragraph characterize statements made in comments on the DEIS submitted by NPS on December 7, 2004, which speak for themselves and are the best evidence of their content, and to which no response is required. To the extent an answer is required, any allegations inconsistent with the above-mentioned comments are denied.

69.  The allegations in this paragraph characterize statements made in a February 3, 2005 memorandum submitted by the U.S. Fish and Wildlife Service to NPS, which speak for themselves and are the best evidence of their content, and to which no response is required. To the extent an answer is required, any allegations inconsistent with the above-mentioned memorandum are denied.

70. The allegations in this paragraph characterize statements made in comments on the DEIS submitted by the United States Department of the Interior ("DOI") on April 18, 2005, which speak for themselves and are the best evidence of their content, and to which no response is required. To the extent an answer is required, any allegations inconsistent with the above-mentioned comments are denied.

71. The allegations in this paragraph characterize statements made in comments on the DEIS submitted by plaintiffs Rivers Unlimited on January 6, 2005 and Little Miami, Inc. and the Sierra Club on January 10, 2005, which speak for themselves and are the best evidence of their content, and to which no response is required. To the extent an answer is required, any allegations inconsistent with the above-mentioned comments are denied.

72. Denied.

73. Intervenor is without knowledge or information necessary to form a belief as to the truth of the allegations in this paragraph, and therefore denies the same.

74-76. The allegations in these paragraphs characterize statements made in comments on the FEIS submitted by DOI on November 28, 2005, which speak for themselves and are the best evidence of their content, and to which no response is required. To the extent an answer is required, any allegations inconsistent with the above-mentioned comments are denied.

77. The allegations in this paragraph characterize statements made in comments on the FEIS submitted by plaintiffs Little Miami, Inc. on November 28, 2005 and the Sierra Club on November 27, 2005, which speak for themselves and are the best evidence of their content, and to which no response is required. To the extent an answer is required, any allegations inconsistent with the above-mentioned comments are denied.

78-79.   The allegations in these paragraphs characterize statements made in comments and an attached report on the FEIS submitted by NPS on June 28, 2006, which speak for themselves and are the best evidence of their content, and to which no response is required. To the extent an answer is required, any allegations inconsistent with the above-mentioned comments and report are denied.

80.   Intervenor admits that issuance of the Record of Decision indicates approval to proceed with individual Tier 2 analyses for specific elements of the Eastern Corridor Project. Intervenor denies the remaining allegations in this paragraph.

## PLAINTIFFS' CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
**Violation of NEPA and Its Implementing Regulations**
(Failure to Consider Reasonable Alternatives)

81.   The answers to each allegation set forth in Plaintiffs' Complaint are incorporated herein by reference.

82-84.   These paragraphs state legal conclusions to which no response is required. To the extent an answer is required, these paragraphs are denied.

### SECOND CLAIM FOR RELIEF
**Violation of NEPA and its Implementing Regulations**
(Failure to Consider Significant New Information and Failure to Prepare a Supplemental EIS)

85.   The answers to each allegation set forth in Plaintiffs' Complaint are incorporated herein by reference.

86.   The allegations in this paragraph characterize NEPA, which speaks for itself and is the best evidence of its content, and require no response. To the extent an answer is required, any allegations inconsistent with NEPA are denied.

87.  The allegations in this paragraph characterize statements made in comments and an attached report on the FEIS submitted by NPS on June 28, 2006, which speak for themselves and are the best evidence of their content, and to which no response is required. To the extent an answer is required, any allegations inconsistent with the above-mentioned comments and report are denied.

88.  This paragraph states legal conclusions to which no response is required. To the extent an answer is required, this paragraph is denied.

### THIRD CLAIM FOR RELIEF
**Violation of NEPA and its Implementing Regulations**
(Failure to Take Requisite Hard Look and Provide Sufficient Detail
Concerning Mitigation Measures)

89.  The answers to each allegation set forth in Plaintiffs' Complaint are incorporated herein by reference.

90-92.  The allegations in these paragraphs characterize certain provisions of NEPA and its implementing regulations, which speak for themselves and are the best evidence of their content, and require no response. To the extent an answer is required, any allegations inconsistent with NEPA and its implementing regulations are denied.

93.  This paragraph states legal conclusions to which no response is required. To the extent an answer is required, this paragraph is denied.

### FOURTH CLAIM FOR RELIEF
**Violation of NEPA and Its Implementing Regulations**
(Failure to Base EIS on Current and Up-To-Date Data)

94.  The answers to each allegation set forth in Plaintiffs' Complaint are incorporated herein by reference.

95.  The allegations in this paragraph characterize certain provisions of the implementing regulations of NEPA, which speak for themselves and are the best evidence of

their content, and require no response. To the extent an answer is required, any allegations inconsistent with the implementing regulations of NEPA are denied.

96.    The allegations in the first sentence of this paragraph characterizes facts set forth in the Tier I September 2004 Economic Analysis Report, which speak for themselves and are the best evidence of their content, and require no response. To the extent an answer is required, any allegations inconsistent with the above-mentioned document are denied. The remaining sentences in this paragraph state legal conclusions to which no response is required. To the extent an answer is required, these sentences are denied.

### FIFTH CLAIM FOR RELIEF
**Violation of the Transportation Act and its Implementing Regulations**
(Failure to Find a Constructive Use, Conduct a 4(f) Analysis and Prepare a 4(f) Summary)

97.    The answers to each allegation set forth in Plaintiffs' Complaint are incorporated herein by reference.

98-99.    These paragraphs state legal conclusions to which no response is required. To the extent an answer is required, these paragraphs are denied.

### RELIEF

The remaining paragraphs of Plaintiffs' Complaint consist of Plaintiffs' prayer for relief and require no response. To the extent an answer is required, these paragraphs are denied.

### GENERAL DENIAL

ODOT specifically denies each and every allegation of the Complaint not otherwise expressly admitted, qualified, or denied by this Answer.

### DEFENSES

1.    Plaintiffs fail to state a claim upon which relief may be granted.

2.    Plaintiffs lack standing to assert their claims.

3. Plaintiffs' claims are moot.

4. Plaintiffs' claims are not ripe.

5. Plaintiffs are not entitled to the relief sought.

6. Plaintiffs are not entitled to attorneys fees.

WHEREFORE, having answered each and every allegation in Plaintiffs' Complaint, Intervenor respectfully requests that this lawsuit be dismissed with prejudice, that judgment be entered for the Intervenor, that the Court grant Intervenor her costs of suit, and that the Court order such other and further relief as the Court may allow.

Dated: November 17th, 2006

Respectfully submitted,

*/s/ Fred R. Wagner*

Frederick C. Schoch
Trial Attorney
Ohio Bar No. 0008215
Assistant Attorney General
Transportation Section
140 East Town St., 12th Floor
Columbus, Ohio  43215-6001
Phone:     (614) 466-4656
Fax:       (614) 466-1756
fschoch@ag.state.oh.us
Counsel for Gordon Proctor,
Director, Ohio Department of
Transportation

Fred R. Wagner
Special Counsel to Ohio Department of Transportation
D.C. Bar No. 416009
Beveridge & Diamond, P.C.
1350 I Street, NW, Suite 700
Washington, D.C.  20005-3311
Phone:     (202) 789-6041
Fax:       (202) 789-6190
fwagner@bdlaw.com