**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| RIVERS UNLIMITED, *et al.*, | ) | |
| | ) | |
|       Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:06-CV-01775-JR |
| | ) | |
| UNITED STATES DEPARTMENT OF | ) | |
| TRANSPORTATION, *et al.*, | ) | |
| | ) | |
|       Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| OHIO DEPARTMENT OF | ) | |
| TRANSPORTATION, | ) | |
| | ) | |
|       Defendant-Intervenor. | ) | |

<u>**ANSWER OF FEDERAL DEFENDANTS TO PLAINTIFFS' COMPLAINT**</u>

Pursuant to Fed. R. Civ. P. 8(b), Defendants United States Department of
Transportation ("DOT"), Mary Peters,[1] in her official capacity as the Secretary of DOT,
Federal Highway Administration ("FHWA"), and J. Richard Capka, in his official
capacity as Administrator of FHWA, (collectively "Federal Defendants") hereby answer
the allegations in Plaintiffs' Complaint, paragraph by paragraph, as follows:

1.      The allegations in Paragraph 1 are Plaintiffs' characterization of the case
and legal conclusions to which no response is required.  To the extent a response is
required, Federal Defendants deny the allegations.

2.      Federal Defendants admit that the Tier I Final Environmental Impact
Statement ("FEIS") for the Eastern Corridor Project includes, among other project

---

[1] Mary Peters is substituted for Maria Cino pursuant to Fed. R. Civ. P. 25(d)(1).

elements, plans to construct a new bridge crossing the Little Miami River. Federal Defendants admit that the Little Miami River is a nationally designated Wild and Scenic River. Federal Defendants deny the remaining allegations in Paragraph 2.

3.     The allegations in Paragraph 3 are legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

4.     The allegations in Paragraph 4 are Plaintiffs' request for relief to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

## JURISDICTION AND VENUE

5.     The allegations in Paragraph 5 are legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

6.     The allegations in Paragraph 6 are legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

## PARTIES

7.     Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of allegations in Paragraph 7 and therefore deny same.

8.     Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 8 regarding River Unlimited's staff and members and their use and enjoyment of the Little Miami River and therefore deny

same. The remaining allegations are legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

9.      Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of allegations in Paragraph 9 and therefore deny same.

10.     Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 10 regarding Little Miami, Inc.'s staff and members, their use and enjoyment of the Little Miami River, and Little Miami, Inc.'s ownership of land and easements and therefore deny same. The remaining allegations are legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

11.     Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 11 and therefore deny same.

12.     Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 12 regarding Sierra Club's staff and members and their use and enjoyment of the Little Miami River and therefore deny same. The remaining allegations are legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

13.     Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 13 regarding Marilyn Wall and her use and enjoyment of the Little Miami River and therefore deny same. The remaining allegations are legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

14.    Federal Defendants admit that DOT is an executive department of the United States Government.  Federal Defendants aver that federal funds will be provided for the Eastern Corridor Project and that the project includes, among other elements, plans to construct a new bridge crossing the Little Miami River and deny allegations inconsistent with that averment.

15.    Federal Defendants deny that Mario Cino is the Acting Secretary of DOT and aver that Mary Peters is the Secretary of DOT.  Federal Defendants admit the remaining allegations in Paragraph 15.

16.    Federal Defendants admit the allegations in Paragraph 16, except for the allegations in the last clause of the last sentence.  Federal Defendants aver that federal funds will be provided for the Eastern Corridor Project and that the project includes, among other elements, plans to construct a new bridge crossing the Little Miami River, and deny allegations inconsistent with that averment.

17.    Federal Defendants admit the allegations in Paragraph 17.

## LEGAL FRAMEWORK

## RELEVANT STATUTES

**A.    The National Environmental Policy Act**

18.    The allegations in Paragraph 18 are Plaintiffs' characterization of the National Environmental Policy Act ("NEPA") and its implementing regulations, which are legal conclusions, and, therefore, no response is required.  To the extent the allegations are inconsistent with the NEPA or its implementing regulations, they are denied.

19.    The allegations in Paragraph 19 are Plaintiffs' characterization of the NEPA, which are legal conclusions, and, therefore, no response is required.  To the extent the allegations are inconsistent with the NEPA, they are denied.

20.    The allegations in Paragraph 20 are Plaintiffs' characterization of the NEPA's implementing regulations, which are legal conclusions, and, therefore, no response is required.  To the extent the allegations are inconsistent with the NEPA implementing regulations, they are denied.

21.    The allegations in Paragraph 21 are Plaintiffs' characterization of the NEPA's implementing regulations, which are legal conclusions, and, therefore, no response is required.  To the extent the allegations are inconsistent with the NEPA implementing regulations, they are denied.

22.    The allegations in Paragraph 22 are Plaintiffs' characterization of the NEPA's implementing regulations, which are legal conclusions, and, therefore, no response is required.  To the extent the allegations are inconsistent with the NEPA implementing regulations, they are denied.

23.    The allegations in Paragraph 23 are Plaintiffs' characterization of the NEPA's implementing regulations, which are legal conclusions, and, therefore, no response is required.  To the extent the allegations are inconsistent with the NEPA implementing regulations, they are denied.

24.    The allegations in Paragraph 24 are Plaintiffs' characterization of the NEPA's implementing regulations, which are legal conclusions, and, therefore, no response is required.  To the extent the allegations are inconsistent with the NEPA implementing regulations, they are denied.

25.     The allegations in Paragraph 25 are Plaintiffs' characterization of the NEPA's implementing regulations, which are legal conclusions, and, therefore, no response is required. To the extent the allegations are inconsistent with the NEPA implementing regulations, they are denied.

26.     The allegations in Paragraph 26 are Plaintiffs' characterization of the NEPA's implementing regulations, which are legal conclusions, and, therefore, no response is required. To the extent the allegations are inconsistent with the NEPA implementing regulations, they are denied.

27.     The allegations in Paragraph 27 are Plaintiffs' characterization of the NEPA and its implementing regulations, which are legal conclusions, and, therefore, no response is required. To the extent the allegations are inconsistent with the NEPA or its implementing regulations, they are denied.

28.     The allegations in Paragraph 28 are Plaintiffs' characterization of the NEPA's implementing regulations, which are legal conclusions, and, therefore, no response is required. To the extent the allegations are inconsistent with the NEPA implementing regulations, they are denied.

29.     The allegations in Paragraph 29 are Plaintiffs' characterization of a document published by the Council on Environmental Quality ("CEQ") entitled "Forty Most Asked Questions Concerning the CEQ's NEPA Regulations," which was published in the Federal Register on March 23, 1981. The CEQ document speaks for itself and is the best proof of its content, and, therefore, no response is required. To the extent the allegations are inconsistent with the CEQ document, they are denied.

30.     The allegations in Paragraph 30 are Plaintiffs' characterization of the NEPA's implementing regulations, which are legal conclusions, and, therefore, no response is required.  To the extent the allegations are inconsistent with the NEPA implementing regulations, they are denied.

31.     The allegations in Paragraph 31 are Plaintiffs' characterization of the NEPA's implementing regulations, which are legal conclusions, and, therefore, no response is required.  To the extent the allegations are inconsistent with the NEPA implementing regulations, they are denied.

**B.      Section 4(f) of The Department of Transportation Act**

32.     The allegations in Paragraph 32 are Plaintiffs' characterization of the Department of Transportation Act, 23 U.S.C. § 138 and 49 U.S.C. § 303 ("Section 4(f)"), which are legal conclusions, and, therefore, no response is required.  To the extent the allegations are inconsistent with the Department of Transportation Act, they are denied.

33.     The allegations in Paragraph 33 are Plaintiffs' characterization of a portion of the legislative history of the Department of Transportation Act, which speaks for itself and is the best proof of its content, and, therefore, no response is required.  To the extent the allegations are inconsistent with the legislative history of the Department of Transportation Act, they are denied.

34.     The allegations in Paragraph 34 are Plaintiffs' characterization of the Department of Transportation Act Section 4(f), which are legal conclusions, and, therefore, no response is required.  To the extent the allegations are inconsistent with the Department of Transportation Act, they are denied.

35.    The allegations in Paragraph 35 are Plaintiffs' characterization of the implementing regulations for the Department of Transportation Act Section 4(f), which are legal conclusions, and, therefore, no response is required.  To the extent the allegations are inconsistent with the Department of Transportation Act implementing regulations, they are denied.

36.    The allegations in Paragraph 36 are Plaintiffs' characterization of a FHWA March 1, 2005 Section 4(f) Policy Paper ("Policy Paper"), which speaks for itself and is the best proof of its content, and, therefore, no response is required.  To the extent the allegations are inconsistent with the Policy Paper, they are denied.

37.    The allegations in Paragraph 37 are Plaintiffs' characterization of the Policy Paper, which speaks for itself and is the best proof of its content, and, therefore, no response is required.  To the extent the allegations are inconsistent with the Policy Paper, they are denied.

38.    The allegations in Paragraph 38 are Plaintiffs' characterization of the implementing regulations for the Department of Transportation Act, which are legal conclusions, and, therefore, no response is required.  To the extent the allegations are inconsistent with the Department of Transportation Act implementing regulations, they are denied.

39.    The allegations in Paragraph 39 are Plaintiffs' characterization of the implementing regulations for the Department of Transportation Act, which are legal conclusions, and, therefore, no response is required.  To the extent the allegations are inconsistent with the Department of Transportation Act implementing regulations, they are denied.

40.     The allegations in Paragraph 40 are Plaintiffs' characterization of the implementing regulations for the Department of Transportation Act, which are legal conclusions, and, therefore, no response is required.  To the extent the allegations are inconsistent with the Department of Transportation Act implementing regulations, they are denied.

41.     The allegations in Paragraph 41 are Plaintiffs' characterization of the Policy Paper, which speaks for itself and is the best proof of its content, and, therefore, no response is required.  To the extent the allegations are inconsistent with the Policy Paper, they are denied.

42.     The allegations in Paragraph 42 are Plaintiffs' characterization of the implementing regulations for the Department of Transportation Act, which are legal conclusions, and, therefore, no response is required.  To the extent the allegations are inconsistent with the Department of Transportation Act implementing regulations, they are denied.

43.     The allegations in Paragraph 43 are Plaintiffs' characterization of the implementing regulations for the Department of Transportation Act, which are legal conclusions, and, therefore, no response is required.  To the extent the allegations are inconsistent with the Department of Transportation Act implementing regulations, they are denied.

44.     The allegations in Paragraph 44 are Plaintiffs' characterization of the implementing regulations for the Department of Transportation Act, which are legal conclusions, and, therefore, no response is required.  To the extent the allegations are

inconsistent with the Department of Transportation Act implementing regulations, they are denied.

45.    The allegations in Paragraph 45 are Plaintiffs' characterization of the implementing regulations for the Department of Transportation Act, which are legal conclusions, and, therefore, no response is required.  To the extent the allegations are inconsistent with the Department of Transportation Act implementing regulations, they are denied.

**C.    Little Miami Wild and Scenic River**

46.    Federal Defendants admit that the Little Miami River was designated as a National Wild & Scenic River under the Wild & Scenic Rivers Act ("WSRA").  The remaining allegations in Paragraph 46 are Plaintiffs' characterization of various unnamed documents relating to the designation of the Little Miami River as a National Wild and Scenic River under the WSRA.  The referenced documents speak for themselves and are the best proof of their content, and, therefore, no response is required.  To the extent the allegations are inconsistent with the referenced documents, the allegations are denied.

47.    Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 47 and therefore deny same.

48.    Federal Defendants admit that the Eastern Corridor Project includes, among other project elements, plans to construct a new bridge crossing the Little Miami River.  Federal Defendants aver that potential bridge crossing areas are identified in the Draft Environmental Impact Statement ("DEIS") and FEIS and deny the allegations to the extent they are inconsistent with DEIS and FEIS.  Federal Defendants deny the remaining allegations in Paragraph 48.

49.    Federal Defendants aver that activities in the Little Miami River area are described in the DEIS and FEIS and deny the allegations to the extent they are inconsistent with the DEIS and FEIS.  Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 49 and therefore deny same.

50.    Federal Defendants aver that bird and mammal species in the Little Miami River area are described in the DEIS and FEIS and deny the allegations to the extent they are inconsistent with the DEIS and FEIS.  Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 50 and therefore deny same.

51.    The allegations in Paragraph 51 are Plaintiffs' characterization of a June 1985 Ohio Scenic Rivers Program Little Miami Scenic River Management Plan ("Management Plan") and an August 10, 1980 CEQ Memorandum for Heads of Agencies ("CEQ Memorandum"), which speak for themselves and are the best evidence of their content.  To the extent the allegations are inconsistent with the Management Plan or the CEQ Memorandum, they are denied.

**D.    The Eastern Corridor Multi-Modal Project and Its Impacts on the Little Miami National Wild and Scenic River**

52.    Federal Defendants admit the allegations in Paragraph 52 and aver that the Eastern Corridor Project core study area covers approximately 165 square miles extending from the Cincinnati Central Business District and riverfront redevelopment area in Hamilton County east to the I-275 outer-belt corridor in Clermont County. Federal Defendants further aver that within the core study area, a 14 square mile detailed

study area was used as the focal area for the development of feasible alternatives for major new capacity improvements and the Tier I environmental field studies.

53.     Federal Defendants admit that the Eastern Corridor Major Investment Study ("MIS") was completed in April 2000.  The MIS speaks for itself and is the best proof of its content, and, therefore, no response is required to the allegations regarding the content of the MIS.  To the extent the allegations are inconsistent with the MIS, they are denied.  The remaining allegations in Paragraph 53 are legal conclusions to which no response is required.  To the extent the allegations are inconsistent with applicable laws and regulations, they are denied.

54.     The allegations in Paragraph 54 are Plaintiffs' characterization of the MIS, which speaks for itself and is the best proof of its content, and, therefore, no response is required.  To the extent the allegations are inconsistent with the MIS, they are denied.

55.     Federal Defendants admit the allegations in Paragraph 55.

56.     The allegation in Paragraph 56 is a legal conclusion to which no response is required.  To the extent a response is required, Federal Defendants deny the allegation.

57.     Federal Defendants deny the allegations in Paragraph 57.

58.     The allegations in Paragraph 58 are Plaintiffs' characterization of the Preliminary Draft Environmental Impact Statement ("PDEIS"), which speaks for itself and is the best proof of its content, and, therefore, no response is required.  To the extent the allegations are inconsistent with the PDEIS, they are denied.

59.     The allegations in Paragraph 59 are Plaintiffs' characterization of a May 6, 2004 letter commenting on the PDEIS submitted by the U.S. Environmental Protection Agency ("EPA") and a May 27, 2004 letter commenting on the PDEIS submitted by the

National Park Service ("NPS"), which speak for themselves and are the best proof of their content, and, therefore, no response is required.  To the extent the allegations are inconsistent with the referenced letters submitted by EPA and NPS, they are denied.

60.    Federal Defendants admit the allegations in Paragraph 60.

61.    Federal Defendants admit the allegations in Paragraph 61.

62.    Federal Defendants admit the allegations in Paragraph 62.

63.    Federal Defendants deny that the alternatives for review in the Eastern Corridor Project include an option for a six-lane bridge across the Little Miami National Wild and Scenic River.  Federal Defendants admit the remaining allegations in Paragraph 63.

64.    Federal Defendants admit the allegations in Paragraph 64.

65.    Federal Defendants admit the allegations in Paragraph 65.

66.    The allegations in Paragraph 66 are Plaintiffs' characterization of a December 30, 2004 letter commenting on the DEIS submitted by the EPA, which speaks for itself and is the best proof of its content, and, therefore, no response is required.  To the extent the allegations are inconsistent with the referenced letter submitted by EPA, they are denied.

67.    The allegations in Paragraph 67 are Plaintiffs' characterization of a December 30, 2004 letter commenting on the DEIS submitted by the EPA, which speaks for itself and is the best proof of its content, and, therefore, no response is required.  To the extent the allegations are inconsistent with the referenced letter submitted by EPA, they are denied.

68.     The allegations in Paragraph 68 are Plaintiffs' characterization of comments on the DEIS submitted by the NPS on December 7, 2004, which speak for themselves and are the best proof of their content, and, therefore, no response is required. To the extent the allegations are inconsistent with the referenced comments by NPS, they are denied.

69.     The allegations in Paragraph 69 are Plaintiffs' characterization of two U.S. Fish and Wildlife ("FWS") memoranda dated February 3, 2005 and January 11, 2005, which speak for themselves and are the best proof of their content, and, therefore, no response is required. To the extent the allegations are inconsistent with the referenced memoranda, they are denied.

70.     The allegations in Paragraph 70 are Plaintiffs' characterization of statements made in comments on the DEIS submitted by the U.S. Department of the Interior ("DOI") in a letter dated April 18, 2005, which speak for themselves and are the best proof of their content, and, therefore, no response is required. To the extent the allegations are inconsistent with the referenced letter, they are denied.

71.     The allegations in Paragraph 71 are Plaintiffs' characterization of comments on the DEIS submitted  by Rivers Unlimited in a letter dated January 6, 2005, and by the Sierra Club in letters dated January 10, 2005, which speak for themselves and are the best proof of their content, and, therefore, no response is required. To the extent the allegations are inconsistent with the referenced letters, the allegations are denied.

72.     Federal Defendants deny the allegations in Paragraph 72.

73.     Federal Defendants admit the allegations in Paragraph 73.

74.     The allegations in Paragraph 74 are Plaintiffs' characterization of comments on the FEIS submitted by DOI in a November 28, 2005 letter, which speaks for itself and is the best proof of its content, and, therefore, no response is required. To the extent the allegations are inconsistent with the referenced letter, they are denied.

75.     The allegations in Paragraph 75 are Plaintiffs' characterization of comments on the FEIS submitted by DOI in a November 28, 2005 letter, which speaks for itself and is the best proof of its content, and, therefore, no response is required. To the extent the allegations are inconsistent with the referenced letter, they are denied.

76.     The allegations in Paragraph 76 are Plaintiffs' characterization of comments on the FEIS submitted by DOI in a November 28, 2005 letter, which speaks for itself and is the best proof of its content, and, therefore, no response is required. To the extent the allegations are inconsistent with the referenced letter, they are denied.

77.     The allegations in Paragraph 77 are Plaintiffs' characterization of comments on the FEIS submitted by Little Miami, Inc. in a November 28, 2005 letter and by the Sierra Club in a November 27, 2005 letter, which speak for themselves and are the best proof of their content, and, therefore, no response is required. To the extent the allegations are inconsistent with the referenced letters, they are denied.

78.     The allegations in Paragraph 78 are Plaintiffs' characterization of comments on the FEIS/Record of Decision ("ROD") submitted by the NPS in a June 28, 2006 letter, which speaks for itself and is the best proof of its content, and, therefore, no response is required. To the extent the allegations are inconsistent with the referenced letter, they are denied.

79.    The allegations in Paragraph 79 are Plaintiffs' characterization of a report entitled "Analysis of Eastern Corridor Noise Readings," which was attached to NPS's June 28, 2006 letter commenting on the FEIS/ROD.  The report speaks for itself and is the best proof of its content, and, therefore, no response is required.  To the extent the allegations are inconsistent with the referenced report, they are denied.

80.    Federal Defendants aver that the ROD for the Eastern Corridor Multi-Modal Project – Tier 1 was issued by FHWA on June 2, 2006.  Federal Defendants admit that the issuance of the ROD indicates approval to proceed with Tier 2 analysis for specific elements of the Eastern Corridor Project.  Federal Defendants deny the remaining allegations in Paragraph 80.

**PLAINTIFFS' CLAIMS FOR RELIEF**

**FIRST CLAIM FOR RELIEF**
**Violation of NEPA and its Implementing Regulations**
*(Failure to Consider Reasonable Alternatives)*

81.    Federal Defendants incorporate by reference their responses to the allegations in each of the paragraphs in Plaintiffs' Complaint.

82.    The allegations in Paragraph 82 are legal conclusions to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations.

83.    The allegations in Paragraph 83 are legal conclusions to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations.

84.    The allegations in Paragraph 84 are legal conclusions to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations.

## SECOND CLAIM FOR RELIEF
**Violation of NEPA and Its Implementing Regulations**
*(Failure to Consider Significant New Information and Failure to Prepare a Supplemental EIS)*

85.    Federal Defendants incorporate by reference their responses to the allegations in each of the paragraphs in Plaintiffs' Complaint.

86.    The allegations in Paragraph 86 are Plaintiffs' characterization of NEPA's implementing regulations, which are legal conclusion, and, therefore, no response is required.  To the extent the allegations are inconsistent with NEPA's implementing regulations, they are denied.

87.    The allegations in Paragraph 87 are Plaintiffs' characterization of comments by NPS on a noise report attached to a May 12, 2006 FHWA letter and NPS's own noise report submitted with its comments on the FEIS on June 28, 2006.  NPS's comments and report speak for themselves and are the best proof of their content, and, therefore, no response is required.  To the extent the allegations are inconsistent with the referenced comments or report, they are denied.  The remaining allegations are legal conclusions, and, therefore, no response is required.  To the extent a response is required, the allegations are denied.

88.    The allegations in Paragraph 88 are legal conclusions to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations.

### THIRD CLAIM FOR RELIEF
**Violation of NEPA and Its Implementing Regulations**
*(Failure to Take Requisite Hard Look and Provide Sufficient Detail Concerning Mitigation Measures)*

89.     Federal Defendants incorporate by reference their responses to the allegations in each of the paragraphs in Plaintiffs' Complaint.

90.     The allegations in Paragraph 90 are Plaintiffs' characterization of the NEPA, which are legal conclusions, and, therefore, no response is required.  To the extent the allegations are inconsistent with NEPA, they are denied.

91.     The allegations in Paragraph 91 are Plaintiffs' characterization of NEPA's implementing regulations, which are legal conclusions, and, therefore, no response is required.  To the extent the allegations are inconsistent with NEPA's implementing regulations, they are denied.

92.     The allegations in Paragraph 92 are Plaintiffs' characterization of the NEPA, which are legal conclusions, and, therefore, no response is required.  To the extent the allegations are inconsistent with NEPA, they are denied.

93.     The allegations in Paragraph 93 are legal conclusions to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations.

### FOURTH CLAIM FOR RELIEF
**Violation of NEPA and Its Implementing Regulations**
*(Failure to Base EIS on Current and Up-To-Date Data)*

94.     Federal Defendants incorporate by reference their responses to the allegations in each of the paragraphs in Plaintiffs' Complaint.

95.     The allegations in Paragraph 95 are Plaintiffs' characterization of NEPA's implementing regulations, which are legal conclusions, and, therefore, no response is

required.  To the extent the allegations are inconsistent with NEPA's implementing regulations, they are denied.

96.    The Tier I Eastern Corridor September 2004 Economic Analysis Report ("Economic Analysis") speaks for itself and is the best proof of its contents, and, therefore, no response is required to the allegations regarding the content of the Economic Analysis.  To the extent the allegations are inconsistent with the Economic Analysis, they are denied.  The remaining allegations in Paragraph 96 are legal conclusions to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations.

**FIFTH CLAIM FOR RELIEF**
**Violation of the Transportation Act and Its Implementing Regulations**
*(Failure to Find a Constructive Use, Conduct a 4(f) Analysis and Prepare a 4(f) Statement)*

97.    Federal Defendants incorporate by reference their responses to the allegations in each of the paragraphs in Plaintiffs' Complaint.

98.    The allegations in Paragraph 98 are legal conclusions to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations.

99.    The allegations in Paragraph 99 are legal conclusions to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations.

**RELIEF**

The remaining paragraphs of the Complaint constitute Plaintiffs' prayer for relief, to which no response is required.  To the extent a response is required, Federal Defendants deny that Plaintiffs are entitled to any relief in this action, including the relief requested in each and every subparagraph of their request for relief.

## GENERAL DENIAL

Federal Defendants deny each and every allegation of the Complaint not otherwise expressly admitted, qualified, or denied in this Answer.

## AFFIRMATIVE DEFENSES

1.      Plaintiffs fail to state a claim against Federal Defendants upon which relief can be granted.

2.      Plaintiffs lack standing to bring this action.

3.      Plaintiffs' claims are moot.

4.      Plaintiffs' claims are not ripe.

5.      Plaintiffs are not entitled to attorneys fees.


WHEREFORE, having fully answered Plaintiffs' complaint, Federal Defendants respectfully request that the Court dismiss the Complaint in its entirety with prejudice, enter judgment for the Federal Defendants, award Federal Defendants' their costs, and order such further relief that it deems appropriate.

Respectfully submitted this 29th day of December, 2006.

SUE ELLEN WOOLDRIDGE
Assistant Attorney General
Environment and Natural Resources Division

/s/ Luther L. Hajek_____
LUTHER L. HAJEK
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Tel.: (202) 305-0492
Fax: (202) 305-0274

OF COUNSEL:

GLENN HARRIS
Federal Highway Administration
Assistant Midwest Counsel
19900 Governors Drive
Suite 301
Olympia Fields, IL 60461
Tel.: (708) 283-3561
Fax: (708) 283-3508