IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RIVERS UNLIMITED, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>)<br>UNITED STATES DEPARTMENT OF )<br>TRANSPORTATION, et al. )<br>)<br>Defendants. )<br>) | Civ. No.: 06-1775 (JR) |

**JOINT CASE MANAGEMENT STATEMENT**

Pursuant to this Court's January 5, 2007 Order and Local Rule 16.3, the parties submit this Joint Case Management Statement for the case management conference set for February 13, 2007. However, the January 5, 2007 Order indicated that the case management conference would be held only if the parties could not reach an agreement on the schedule. As ordered by the Court, the parties conferred on January 22, 2007 in order to facilitate planning and resolution of certain issues. A brief summary of the case and the issues discussed during the conference are set forth below.

**BRIEF SUMMARY OF THE CASE**

Plaintiffs filed their Complaint in this case on October 17, 2006 and served it upon the Government on November 1, 2006. In their Complaint, Plaintiffs allege that the U.S. Department of Transportation ("DOT") and Federal Highway Administration ("FHWA") acted arbitrarily and capriciously in the issuance of a Record of Decision ("ROD") relating to the Easter Corridor Multi-Modal Project on June 2, 2006. Plaintiffs allege that FHWA and DOT

violated the National Environmental Policy Act ("NEPA") by: (1) failing to consider reasonable alternatives to the project in the Final Environmental Impact Statement ("FEIS"); (2) failing to prepare a Supplemental EIS; (3) failing to take a hard look at mitigation measures; and (4) failing to base the FEIS on up-to-date information. Plaintiffs also allege that FHWA and DOT violated Section 4(f) of the Department of Transportation Act by failing to find a constructive use of park space, namely the Little Miami National Wild and Scenic River, and thus comply with Section 4(f)'s requirements. Federal Defendants filed their Answer denying Plaintiffs' claims on December 29, 2006. The Ohio Department of Transportation ("ODOT"), the state department with direct authority over Ohio's transportation systems and that has played an integral role in the development and implementation of the Eastern Corridor Multi-Modal Project, intervened in this case and filed its Answer denying Plaintiffs' claims on November 17, 2006. Currently, there are no motions pending before the Court.

## MATTERS DISCUSSED AT RULE 16.3 CONFERENCE

1. *Whether the case is likely to be disposed of by dispositive motions; and whether, if a dispositive motion already has been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the merits.*

The parties agree that this case can be resolved by cross-motions for summary judgment. The briefing schedule agreed to by the parties is set forth at Number 6 below.

2. *The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be narrowed.*

The parties agree that Plaintiffs should have until 30 days prior to the filing of their summary judgment motion to amend their Complaint. Assuming no extensions to the proposed briefing schedule, the deadline for any amended pleadings would be April 4, 2007.

3. *Whether the case should be assigned to a magistrate judge for all purposes including trial.*

The parties agree that the case should not be assigned to a magistrate.

4. *Whether there is a realistic possibility of settling the case.*

The parties agree that there is no realistic possibility of settling this case at this time.

5. *Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.*

The parties do not believe the case can benefit from the Court's ADR procedures.

6. *Whether the case can be resolved by summary judgment or a motion to dismiss; dates for filing dispositive motions and/or cross motions, opposition, and replies; and proposed dates for a decision on the motions.*

The parties agree that the case can be resolved on cross-motions for summary judgment following the preparation and lodging of the Administrative Record ("AR"). In order to promote resolution of any disputes over the content of the AR, the parties have agreed on a process to permit Plaintiffs an opportunity to review and comment on the AR before it is lodged with the Court. The proposed schedule is set forth below:

| | |
|---|---|
| Defendants provide draft AR to Plaintiffs: | February 22, 2007 |
| Plaintiffs comment on AR contents on or before: | March 16, 2007 |
| Defendants lodge AR with the Court: | March 23, 2007 |
| Deadline for Plaintiffs to file motions regarding the contents of the AR: | March 30, 2007. |

If no motions are filed regarding the adequacy of the AR, then the schedule for summary judgment briefing set forth below shall apply. Alternatively, if a motion regarding the AR is filed and will require substantial briefing, then the schedule set forth below may, by agreement

of the parties or by motion of one party, be stayed until the resolution of any such motions, and adjusted accordingly.

|  |  |
|---|---|
| Plaintiffs' Opening Brief: | May 4, 2007 |
| Federal Defendants' and Defendant-Intervenor's Opening Briefs and Opposition Briefs: | June 1, 2007 |
| Plaintiffs' Reply Brief and Opposition Brief: | June 15, 2007 |
| Federal Defendants' and Defendant-Intervenor's Reply Briefs: | June 29, 2007. |

Within one week after the filing of the Defendants' reply briefs, the parties will provide the Court with a copy, in electronic format, of documents from the AR cited in the parties' briefs. The parties intend this filing to serve as a convenient means for the Court to access quickly only those documents from the AR relied upon by the parties.

Oral Argument: The parties request an opportunity for oral argument.

Proposed date of decision: the parties request no specific date for a decision on the motions for summary judgment.

> 7. *Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F. R. Civ. P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.*

The parties agree that no initial disclosures are required.

> 8. *The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for completion of discovery, including all answers to interrogatories, document production, requests for admissions, and depositions.*

The parties agree that, at this point, no discovery will be required.

9. *Whether the requirements of exchange of expert reports and information pursuant to Rule 26(a)(2), F. R. Civ. P., should be modified, and whether and when depositions of experts should occur.*

The parties do not anticipate at this point offering expert testimony.

10. *In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or and evidentiary hearing on the motion and proposed date for decision.*

Not applicable.

11. *Whether trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.*

No bifurcation of the proceedings is requested.

12. *The date for the pretrial conference.*

Because the parties anticipate that the claims in this case will be resolved in cross-motions for summary judgment based on the Administrative Record, no pretrial conference is requested at this time.

13. *Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.*

Because the parties anticipate that the claims in this case will be resolved in cross-motions for summary judgment based on the Administrative Record, a trial date need not be set at this time.

14. *Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.*

There are no other matters that the parties wish to include in a scheduling order.

Because the parties have conferred and agreed upon a schedule, it should not be necessary for the Court to hold the scheduling conference that is set for February 13, 2007.

By agreement of the parties, Federal Defendants respectfully submit this Joint Case Management Statement on behalf of all parties in the case.

    MATTHEW J. MCKEOWN
    Acting Assistant Attorney General
    United States Department of Justice
    Environment and Natural Resources Division

      s/ Luther L. Hajek
    LUTHER L. HAJEK
    United States Department of Justice
    Environment & Natural Resources Division
    Natural Resources Section
    P.O. Box 663
    Washington, D.C. 20044-0663
    Tel: (202) 305-0492
    Fax: (202) 305-0274

    GLENN HARRIS
    Federal Highway Administration
    Assistant Midwest Counsel
    19900 Governors Drive
    Suite 301
    Olympia Fields, IL 60461
    Tel.: (708) 283-3561
    Fax: (708) 283-3508

    Attorneys for the Federal Defendants

MARC DANN
Attorney General of Ohio

FREDERICK C. SCHOCH
Trial Attorney
Assistant Attorney General
Transportation Section
150 East Gay St., 17th Floor
Columbus, Ohio 43215
Tel.: (614) 466-4656
Fax: (614) 466-1756

FRED R. WAGNER
Beveridge & Diamond, P.C.
1350 I St., NW
Suite 700
Washington, DC 20005
Tel.: (202) 789-6041
Fax: (202) 789-6190

Attorneys for Defendant-Intervenor

ROBERT UKEILEY
Law Office of Robert Ukeiley
433 Chestnut Street
Berea, KY 40403
Tel.: (859) 986-5402
Fax: (859) 986-1299

BRIAN LITMANS
Public Interest Environmental
Attorney at Law
917 SW Oak St, Suite 414
Portland, OR 97205
Tel. (503) 927-5288

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RIVERS UNLIMITED, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civ. No.: 06-1775 (JR) |
| ) | |
| ) | |
| UNITED STATES DEPARTMENT OF ) | |
| TRANSPORTATION, et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |

**PROPOSED ORDER**

The Joint Case Management Statement filed by the parties is hereby adopted as the Case Management Order.

IT IS SO ORDERED.


DATED: _____, 2007.


_____
U.S. DISTRICT COURT JUDGE